IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EMMETT COOLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:08-cv-313 |
| | ) | |
| PRISON HEALTH SERVICES, INC., *et al.*, | ) | (WO- DO NOT PUBLISH) |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Plaintiff's Response to the Defendants' Motion for Summary Judgment. (Doc. # 71). The Court construes this Response as containing a motion pursuant to Fed. R. Civ. P. 56(d) seeking either denial of the Defendants' motion for summary judgment or a continuance to allow the deposition of Defendant Bradford Adams. For the foregoing reasons, that motion is DENIED.

Counsel for Plaintiff had ample time for discovery prior to the deadline for his opposition to Defendants' motion for summary judgment. This action was filed on April 24, 2008. (Doc. # 1). The parties conducted a conference of the parties pursuant to Federal Rule of Civil Procedure 26(f) on August 4, 2008. (Doc. # 15). Federal Rule of Civil Procedure 26(d) provides that a party cannot seek discovery from any source before the parties have met and conferred as required by Federal Rule of Civil Procedure 26(f). Therefore, the parties were free to conduct discovery in this case beginning after their meeting in August 2008.

On August 13, 2008, this Court entered a Uniform Scheduling Order for this case. (Doc. # 16). The Plaintiff twice requested that the Court modify its Uniform Scheduling Order, asking for more time to amend his complaint. (Doc. # 18, 20). These motions were denied, but the Plaintiff was twice permitted to amend. On August 31, 2009, the Plaintiff moved this Court to continue trial. (Doc. # 38). This motion was granted, and the Court vacated its earlier scheduling order. (Doc. # 43). On December 28, 2009 the Plaintiff again asked the Court to continue the trial in this case, and again the Court granted this request. (Doc. # 47,49). On April 26, 2010 this Court entered another scheduling order, setting the deadline for the close of discovery on February 1, 2011—the same deadline that the parties requested in their Report of 26(f) Planning Meeting. (Doc. # 55, 56).

Plaintiff has been represented by counsel for the entirety of this case, and is currently represented by three attorneys. Discovery has been open for approximately two and a half years. However, Plaintiff now requests more time to conduct the deposition of one of the Defendants in this case. Nothing in Federal Rule of Civil Procedure 56(d) requires this Court to grant the relief Plaintiff seeks in circumstances such as these. Accordingly, it is hereby ORDERED that Plaintiff's Motion pursuant to Rule 56(d) (Doc. # 71) is DENIED.

Done this the 1st day of February, 2011.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE